UNITED STATES DISTRICT COURT
for the Western District of Pennsylvania

United States of America,
v.
Frederick Banks,
Defendant.

AND NOW, THIS 15th DAY OF April, IT IS HEREBY Criminal Action No 96-CR 64
ORDERED THAT THE WITHIN
MOTION IS DENIED.

/s/ G. L. Lancaster

GARY L. LANCASTER,
UNITED STATES DISTRICT JUDGE

Petition for Expungement

[Evidentiary Hearing Requested]

AND NOW comes Petitioner, Frederick Banks ("Banks") pro se, and moves this Court to enter an order compelling the expungement and sealing of all official, public, judicial, and executive records pertaining to the arrest and prosecution of the defendant in the above-styled case. The following grounds are asserted in support of the instant motion:

1. Petitioner Frederick Banks is 43 years old and was born on September 10, 1967.

2. Petitioner was arrested by US Postal Inspectors for mail fraud that were the subject matter of the above-styled prosecution. Said case is designated by Case Number 96-64.

3. The above styled case has concluded.

4. Petitioner had never previously been convicted of a criminal offense or municipal violation at the time he was arrested for the instant offense.

5. The arrest and resulting conviction were both unlawful and unconstitutionally obtained.

6. The arrest and conviction violated the Fifth and Sixth Amendments because upon examining records obtained via Freedom of Information/Privacy Act the government withheld records that were withheld from Petitioner prior to his guilty plea, namely, statements by Sara Shuert, the actual President of Search Syndicate, and "Tammy" and other persons. Petitioner recently obtained these records pursuant to a law suit he filed against the US Postal Inspection Service. See Banks v. DOJ, 700 F. Supp. 2d 9 (DC Col 2010). If Petitioner would have had those statements he could have called the witnesses at a trial or suppression hearing and impeached them and as a result the outcome would have been different, the evidence would have been suppressed and/or he would have been acquitted at trial. There was no constitutional basis for a conviction and no probable cause for an arrest. Withholding the material violated Petitioner's Fifth and Sixth Amendment Rights and the provisions of Brady and Jencks.

①