IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal Action No. 96-64 |
| v. | ) |
| FREDERICK HAMILTON BANKS, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Pending before the Court is Defendant Frederick Banks ("Defendant")'s Petition for Writ of Error Coram Nobis (**Doc. 50**). For the reasons that follow, Defendant's Petition for Writ of Error Coram Nobis (**Doc. 50**) will be DENIED.

### I. MEMORANDUM

On April 19, 1996, Defendant entered a plea of guilty to one count of mail fraud in violation of 18 U.S.C. § 1341. The Court sentenced Defendant to four (4) months community confinement to be followed by three (3) years supervised release. Defendant did not file an appeal to his sentence. Defendant has completed the sentence the Court imposed. In 2005, Banks filed a petition for a Writ of Error Coram Nobis seeking to vacate his conviction. The Court denied the petition, and the Third Circuit affirmed. United States v. Banks, 165 F. App'x 987 (3d Cir. 2006). Defendant again petitions the Court to enter a Writ of Error Coram Nobis vacating his sentence. The Court will deny Defendant's petition.

The All Writs Act, 28 U.S.C. § 1651, is a residual source of authority to issue writs in exceptional circumstances. Pennsylvania Bureau of Correction v. U.S. Marshals Serv., 474 U.S.

34, 43 (1985). The Writ of Error Coram Nobis specifically is used to attack allegedly invalid convictions that have continuing consequences, when the petitioner has served his sentence and is no longer "in custody" for purposes of 28 U.S.C. § 2255. United States v. Stoneman, 870 F.2d 102, 105-06 (3d Cir.1989). As the Court of Appeals for the Third Circuit has held:

> Use of the writ is appropriate to correct errors for which there was no remedy available at the time of trial and where "sound reasons" exist for failing to seek relief earlier. United States v. Morgan, 346 U.S. 502, 512, 74 S.Ct. 247, 98 L.Ed. 248 (1954). "Only where there are errors of fact of 'the most fundamental kind, that is, such as to render the proceeding itself irregular and invalid', [sic] can redress be had." United States v. Cariola, 323 F.2d 180, 184 (3d Cir.1963) (quoting United States v. Mayer, 235 U.S. 55, 69, 35 S.Ct. 16, 59 L.Ed. 129 (1914)). The error must go to the jurisdiction of the trial court, thus rendering the trial itself invalid. . . . Earlier proceedings are presumptively correct and the petitioner bears the burden to show otherwise. Cariola, 323 F.2d at 184.
>
> Coram nobis is an extraordinary remedy, and a court's jurisdiction to grant relief is of limited scope. Id. at 184. "The interest in finality of judgments dictates that the standard for a successful collateral attack on a conviction be more stringent than the standard applicable on a direct appeal." Gross, 614 F.2d at 368. It is even more stringent than that on a petitioner seeking habeas corpus relief under § 2255. See Osser, 864 F.2d at 1060-61; United States v. Keogh, 391 F.2d 138, 148 (2d Cir.1968) (unlike habeas, where part of sentence remained unserved, no opportunity or incentive in coram nobis setting to retry defendant using newly discovered evidence where sentence already served).

Id. at 106 (3d Cir.1989). On the record presented, the Court concludes that Defendant has fallen far short of making the necessary showing of exceptional circumstances warranting coram nobis relief. Simply put, Defendant has not shown that his conviction carries continuing consequences, or that sound reasons exist for his failure to seek relief earlier. For these reasons, Defendant has not met his burden and coram nobis relief is denied.

## II. ORDER

For the reasons stated above, Defendant's Motion to Petition for a Writ of Error Coram Nobis (**Doc. 50**) is DENIED.

IT IS SO ORDERED.

September 8, 2016                                              s\Cathy Bissoon
                                                               Cathy Bissoon
                                                               United States District Judge

CC (via ECF email notification):

All Counsel of Record

cc (via First-Class U.S. Mail):

**FREDERICK BANKS**
120759
950 2nd Ave.
Pittsburgh, PA 15219